**Loyd A. GRANT, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–17453.**

Court of Criminal Appeals of Oklahoma.

June 7, 1972.

Loyd A. Grant, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

Loyd A. Grant, hereinafter referred to as defendant, was convicted in the District Court of Bryan County, Oklahoma, of the

**418** 

offense of Manslaughter in the First Degree, After Former Conviction of a Felony; his punishment was set at fifty (50) years imprisonment on December 3, 1962. Thereafter, the defendant filed an Application for Post Conviction Relief in the trial court which was denied on March 7, 1972, and from said denial of post conviction relief, an appeal has been perfected to this Court.

██ Defendant asserts as error that "The County Attorney and State of Oklahoma, erred by using (3) convictions for 'A.F.C.F.' which petitioner was never represented by counsel on. The convictions were brought up before the jury, before trial and there was no two stage trial for these illegal convictions." The record does not support defendant's assertion that the former convictions were read to the jury in the Information at the beginning of the trial. The defendant testified on direct examination that he had been convicted for three prior felonies. On cross-examination the prosecuting attorney cross-examined defendant as to four prior convictions, at which time, the second page of the Information, which reflected the prior offenses, was introduced into evidence without objection. The record does not reflect that the defendant objected to the one stage proceeding at the trial, or in his original appeal and attempts to raise the same for the first time in his application for post conviction relief. We, therefore, conclude that such proposition is not properly before this Court.

██ At the post conviction hearing the trial court made the finding of fact that the records of the Court Clerk of Bryan County reflect that in three of the former convictions, the defendant was advised of his right to counsel and effectively waived the same. The court further found that in the fourth conviction, the record does not reflect that the defendant effectively waived his right to counsel. This Court is therefore obliged because of the holdings by the United States Supreme Court in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct.

884, 8 L.Ed.2d 70, and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, to modify the judgment and sentence.

The judgment and sentence is accordingly modified to a term of forty (40) years imprisonment, and is affirmed.

Modified and affirmed.